UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80409-ROSENBERG

EPIC SPORTS & ENTERTAINMENT, INC.,

    Plaintiff,

v.

TRILLER HOLD CO LLC, et al.,

    Defendants.
_____/

## ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS AND REQUIRING AN AMENDED COMPLAINT

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss at docket entry 35. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

The Defendants argue that this case should be dismissed because the Plaintiff has failed to allege a basis for personal jurisdiction over the Defendants. However, the Plaintiff has alleged that the Defendants (through its Chief Financial Officer) intentionally drafted fraudulent checks, in Florida, in connection with the Plaintiff's allegation of fraud in this case. *E.g.,* DE 27 at 17-19. Florida's personal jurisdiction statute permits the exercise of jurisdiction over persons or entities that commit a tortious act in Florida, and such an exercise of jurisdiction satisfies the due process requirements of the federal Constitution. Fla. Stat. § 48.193(1)(a)(2).[1] The Defendants' personal jurisdiction challenge is therefore denied.

The Defendants also argue that the Plaintiff's second count, alleging breach of the implied covenant of good faith and fair dealing, should be dismissed as duplicative of the Plaintiff's first

---

[1] Because the Plaintiff alleges that the fraudulent checks were drafted in this District, venue is appropriate in this District as well. *See* § 28 U.S.C. 1391(b).

count, a claim for breach of contract. In response, the Plaintiff argues that the Defendants should be estopped from making this argument, citing to various provisions of an alleged contract between the parties that is attached to the Amended Complaint. The Court exercises its discretion to deem this a fact-intensive matter (whether the Defendants should be estopped from seeking partial dismissal of a duplicative count), and the Court denies the Defendants' request to dismiss Count II without prejudice; this issue may be raised again at summary judgment in the context of a developed factual record.

The Court addresses one final matter. The Plaintiff has brought this case under federal diversity jurisdiction, alleging that the Defendants are corporations that are citizens of different states than the Plaintiff. But the Defendants are not corporations, they are limited liability companies. Limited liability companies are citizens of the states in which each of their members are citizens. *E.g., Flintlock Const. Servs, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Because the Defendants' Chief Financial Officer is also alleged to reside in Florida, the Court is very concerned that there may be no federal diversity jurisdiction in this case. In any event, the Plaintiff has failed to allege a basis for federal diversity jurisdiction, and the Plaintiff shall file an amended complaint within five business days of the date of rendition of this Order that adequately alleges federal diversity jurisdiction.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of August, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE